UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DIONNE M. MILTON,                      )
                                       )
        Plaintiff,                     )
                                       )    Case No. 1:25-CV-00125
        v.                             )
                                       )
FRANK BISIGNANO                        )
Commissioner of Social Security        )
                                       )
        Defendant.                     )

**OPINION AND ORDER**

This matter is before the court on the First Motion for Attorney Fees [DE 25] filed by

Forbes Rodman PC, counsel for the plaintiff, Dionne M. Milton, on May 14, 2026. Defendant

filed a Response [DE 26] on May 19, 2026, indicating that the Agency neither opposed nor

supported that Plaintiff's counsel should be awarded fees pursuant to 42 U.S.C. § 406(b). For the

following reasons, the Motion [DE 25] is **GRANTED.**

*Background*

On January 31, 2022, plaintiff Dionne M. Milton filed an application for Social Security

benefits, alleging a disability onset date of December 2, 2021. [DE 25-8 at 11].

After being denied benefits by the Social Security Administration, Plaintiff filed a

complaint for review in this court under sentence four of 42 U.S.C. § 405 (g) on September 1,

2023. [DE 25].[1]

---

[1] Plaintiff has two related social security appeals in the Northern District of Indiana: 1:23-CV-372 and
1:25-CV-125. Plaintiff's counsel has worked 58.00 hours between the two cases. [DE 25].

On April 16, 2024, Plaintiff and his counsel filed a Stipulation to an Award of Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [1:23-CV-371-TLS-JEM, DE 24] On April 22, 2024, the court granted the Stipulation of the Award and awarded the Plaintiff $8,000.00 in fees and expenses in full satisfaction of any and all claims pursuant to this matter under the EAJA [DE 25-6]. On May 15, 2024, the full $8,000.00 payment was applied to delinquent debt that Plaintiff owed for child support. [DE 25-7].

Upon remand from this court, an Administrative Law Judge again denied Plaintiff's claim for benefits in November of 2024. [25-8 at 7]. On March 19, 2025, Plaintiff filed a complaint for review of this decision under sentence four of 42 U.S.C. § 405 (g). [DE 1].

The parties filed a Consent Motion for Attorney Fees pursuant to the EAJA § 2412 [DE 23] on September 24, 2025. [DE 24]. The court ordered that Plaintiff be awarded $7,250.00 in fees and expenses in full satisfaction of any and all claims pursuant to the EAJA [DE 24] the next day. On December 10, 2025, the full $7,250.00 payment was applied to delinquent debt that Plaintiff owed for child support. [DE 25-5].

Following this court's remand under § 405(g), an Administrative Law Judge entered a fully favorable decision and approved Plaintiff's claim for benefits. [25-8 at 1].

The Social Security Administration issued a notice of award dated May 10, 2026 and Plaintiff was awarded $49,407.90 for past due benefits. [25-9].

Plaintiff's attorney, Jason Rodman, asks the court to authorize an award of attorney fees in the total amount of $12,351.97 pursuant to § 406(b).

*Discussion*

Awards under § 406(b) are paid out of a claimant's past due benefits, a pool from which the Commissioner may withhold fees for both agency representation[2] and representation in federal court.[3] *See Culbertson v. Berryhill,* 586 U.S. 53, 60 (2019). The amount withheld by the Administration for payment cannot be more than 25% of past due benefits. *Id.* However, the fee awards are not calculated aggregately, so § 406(a) awards and §406(b) awards are each subject to a separate 25% caps not withstanding how much the fact that the agency withholds a single pool of past due benefits. *Id.*

Unlike awards issued under the EAJA, awards under § 406(b) are not subject to offset to satisfy a federal debt and can be awarded even when a previous EAJA award has been intercepted to fulfill a plaintiff's outstanding debt. See *Vanbuskirk v. Colvin*, 1:10-CV-00360-SLC, 2015 WL 3439228, at *4 (N.D. Ind. May 28, 2015) (granting the claimant's attorney a § 406(b) award after the entirety of a previously granted EAJA award was offset against the claimant's outstanding debt).

Fee awards maybe be made under both § 406(b) and the EAJA, but the attorney being compensated must refund the amount of the smaller award or subtract it from the total fees awarded under § 406(b). *Loar v. Saul,* 3:18-CV-775-TLS, 2020 WL 3302990, at *1 (N.D. Ind. June 18, 2020) (ordering claimant's attorney to refund claimant the amount of the EAJA award from the § 406(b) award). Attorney Rodman has acknowledged that he would be required to refund the previously awarded EAJA fee in the amount of zero dollars ($0.00) [DE 25 at 2].

---

[2] § 406(a) fee awards.
[3] § 406(b) fee awards

The court decides if a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable under the law. A court will consider factors such as the success of the claim, the character of the representation, and the time expended by counsel. *Giesbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Attorney Rodman contends that an award in the amount of $12,351.97 is reasonable for the total of 58 hours he spent representing Plaintiff in federal court [DE 25 at 4]. Attorney Rodman's total requested fees amount to an hourly rate of $190.72 for attorney time. This is reasonable in this district, especially considering the contingent nature of representation regarding social security benefits cases. *See Eitler v. Comm'r of Soc. Sec.*, 2026 WL 1091953, at *2 (N.D. Ind. Apr. 22, 2026) (awarding fees equating to an hourly rate of $372.14 for 29.2 hours of attorney time). *See Bryant v. Comm'r of Soc. Sec.,* 2025 WL 2908145, at *2 (N.D. Ind. Oct. 10, 2025) (awarding fees equating to an hourly rate of $261.87 for 35.8 hours of work).

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 25] and **AWARDS** fees to Attorney Jason Rodman in the total amount of $12,351.97. The court **ORDERS** Attorney Rodman to refund the plaintiff, Dionne M. Milton, the total amount of the previously awarded EAJA fees, $0.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 25th day of June, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge